```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION
```

Xinjian Hanyuanhengfeng      )
Xinxikeji Youxian Gongsi,    )
                             )
        Plaintiff,            )
                             )
                             )
    v.                       )    No. 24 C 8946
                             )
                             )
Partnerships and             )
Unincorporated Associations  )
Identified on Schedule A,    )
                             )
        Defendants.           )

## Order

Defendants Tingjun, Appreciate the Life, Lingzhen, Ching Wong, Chenbeixuan, Lubocrat Store, Nnanzi, and Jiegui, move to compel notice to Amazon that "certain restraints imposed by the temporary restraining order may be released." Also fully briefed before me is plaintiff's motion for a preliminary injunction, which is opposed by these same defendants. In their response in opposition to the motion for preliminary injunction, these same defendants argue that the asset restraint is inappropriate in this case. I agree.

District courts are generally without authority to restrain assets prior to judgment where a plaintiff seeks a money judgment. *See Grupo Mexicano de Desarrollo S.A. v. All. Bond Fund, Inc.*, 527

U.S. 308, 331-33 (1999). There is an exception to that rule where a plaintiff seeks an equitable remedy, such as accounting of profits. *See Banister v. Firestone*, No. 17 C 8940, 2018 WL 4224444, at *9 (N.D. Ill. Sept. 5, 2018).

Defendants argue plaintiff in this case is not entitled to any equitable remedy because the suit is for infringement of a utility patent. The infringement provision, 35 U.S.C. § 284, under which plaintiff brings this suit indeed allows only damages, and not equitable remedies like profits. *See Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 505 (1964) ("[35 U.S.C. § 284] allows the award of a reasonable royalty, or of any other recovery, only if such amount constitutes 'damages' for the infringement."); *Robert Bosch, LLC v. Pylon Mfg. Corp.*, 719 F.3d 1305, 1310 n.1 (Fed. Cir. 2013) (en banc) ("An infringer's profits are, of course, no longer an available remedy for the infringement of a utility patent." (citing 35 U.S.C. § 284)).

Plaintiff concedes that it is not entitled to the remedy of profits, but argues that profits are nonetheless relevant in calculating the "reasonable royalty" to which it is entitled. True as that may be, it does not change the fact that the "reasonable royalty" counts as damages, which is a legal and not an equitable remedy. *See Aro Mfg. Co.*, 377 U.S. at 505. Without an equitable remedy on the table, an asset restraint is improper. *See Grupo Mexicano*, 527 U.S. at 331-33.

2

Other judges in this district have recently reached the same conclusion regarding asset restraints in utility patent infringement suits. *See AJ's Nifty Prods. v. The Individuals, Corps., Ltd. Liab. Cos., P'ships, & Unincorporated Ass'ns Identified on the Attached Schedule A*, No. 23 C 14200 (N.D. Ill. Jan. 24, 2024), ECF 75 at 3-4; *ABC Prods. v. Individuals, Corps., Ltd. Liab. Cos., P'ships, & Unincorporated Ass'ns Identified on the Attached Schedule A*, No. 23 C 4131, 2024 WL 1549784, at *5-6 (N.D. Ill. Jan. 9, 2024).

Accordingly, the asset restraint is inappropriate as to all defendants in this case and is lifted as to all of them. In light of this determination, the motion to compel notice to Amazon filed by defendants Tingjun, Appreciate the Life, Lingzhen, Ching Wong, Chenbeixuan, Lubocrat Store, Nnanzi, and Jiegui is granted to the extent that plaintiff is instructed to inform Amazon that the asset restraint has been lifted. The motion for preliminary injunction remains pending and ruling remains set for December 13, 2024, though of course the asset restraint aspect of that motion is now resolved.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: November 19, 2024

4